IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| MARINA PORTILLO,<br>4936 Baffin Bay Lane<br>Rockville, MD 20902<br><br>    Plaintiff,<br><br>    v.<br><br>INTIPUQUENO RESTAURANT,<br>2504 Ennalls Avenue<br>Silver Spring, MD 20902<br>    Serve: Telbis Elizabeth<br>and<br><br>TELBIS ELIZABETH,<br>Intipuqueno Restaurant<br>2504 Ennalls Avenue<br>Silver Spring, MD 20902<br><br>    Defendants. | Civil Action No._____ |

## COMPLAINT FOR DECLARATORY
## AND MONETARY RELIEF AND JURY DEMAND

Plaintiff Marina Portillo ("Plaintiff"), through her attorneys, for her Complaint against Defendants Intipuqueno Restaurant and Telbis Elizabeth ("Defendants"), states as follows:

### NATURE OF THE ACTION

Plaintiff Marina Portillo brings this action against Defendants Intipuqueno Restaurant and Telbis Elizabeth to seek redress for violations of federal, state, and county laws that occurred during the course of her employment with Defendants. By the actions and omissions alleged herein, Defendants discriminated against Plaintiff on the basis of her disability when they discharged her because she suffers from epilepsy, in violation of: the Americans with Disabilities

Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); the Maryland Human Rights Act, Md. Code Ann., State Gov't §§ 20-601 *et seq.* ("MHRA"); and the Montgomery County Code, Montgomery, Md., Code §§ 27-19 *et seq.* ("MCC").

Further, Defendants failed to pay Plaintiff all earned regular and overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.* ("MWHL"); and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* ("MWPCL").

Plaintiff seeks back pay in the form of unpaid minimum and overtime wages for work performed while employed by Defendants, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, pre- and post-judgment interest, and any other legal or equitable relief this Court deems just and proper to redress Defendants' unlawful actions.

## JURISDICTION

1. Count I of this action is brought pursuant to the American with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

2. Count IV of this action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

3. Counts II, III, V, and VI of this action are brought pursuant to state and local law.

4. This Court has subject-matter jurisdiction over Counts I and IV of Plaintiff's action pursuant to 28 U.S.C. § 1331, as these claims arise under the laws of the United States.

5. This Court has supplemental jurisdiction over Counts II, III, V, and VI of this action, which arise under the laws of Maryland and Montgomery County, pursuant to 28 U.S.C. § 1367(a), because the claims in these counts are so related to the claims within the original

jurisdiction of this Court that they form a part of the same case or controversy.

## VENUE

6. Venue is proper in the United States District Court for the District of Maryland, Southern Division, pursuant to 28 U.S.C. §§ 1391(b). Defendants employed Plaintiff at Intipuqueno Restaurant, which is located in Montgomery County, Maryland. A substantial part of Defendants' acts and omissions giving rise to the claims in this Complaint occurred in or failed to occur in Montgomery County, Maryland. All Defendants are residents of Montgomery County, Maryland. Defendants frequently do business in Maryland and are subject to personal jurisdiction in the district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On December 23, 2014, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") Baltimore Field Office, EEOC Charge No. 531-2015-00600, and cross-filed her charge with the Maryland Commission on Civil Rights ("MCCR").

8. The EEOC transferred Plaintiff's charge of discrimination to the Montgomery County Office of Human Rights ("MCOHR") for investigation.

9. MCOHR did not reach a finding.

10. The EEOC issued Plaintiff a Notice of Right to Sue on November 9, 2015. *See* Exhibit A.

11. Fewer than 90 days have passed since the issuance of the Notice of Right to Sue.

12. Over 60 days have passed since Plaintiff filed her charge with the MCOHR.

## PLAINTIFF

13. Plaintiff Marina Portillo is an adult resident of Maryland.

14. Plaintiff Marina Portillo worked for Defendants at Intipuqueno Restaurant as a server from January 2013 to June 29, 2014.

15. Plaintiff is a "qualified individual" with a "disability" (epilepsy) within the meaning of 42 U.S.C. §§ 12102, 12111(8), Md. Code Ann., State Gov't § 20-601(b)(1)(i), and Montgomery, Md., Code § 27-6, because epilepsy substantially limits one or more of Plaintiff's major life activities.

16. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendant Intipuqueno Restaurant within the meaning of 42 U.S.C. § 12111(4), 29 U.S.C. § 203(e), Md. Code Ann., State Gov't § 20-601(c), Montgomery, Md., Code § 27-6, and as that term is interpreted pursuant to Md. Code Ann., Lab. & Empl. § 3-501 *et seq.*

17. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendant Telbis Elizabeth within the meaning of 42 U.S.C. § 12111(4), 29 U.S.C. § 203(e), Md. Code Ann., State Gov't § 20-601(c), Montgomery, Md., Code § 27-6, and as that term is interpreted pursuant to Md. Code Ann., Lab. & Empl. § 3-501 *et seq.* and Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*

18. At all times relevant to this complaint, Defendants were Plaintiff's "employer" as that term is defined by and/or interpreted by 42 U.S.C. § 12111(5), 29 U.S.C. § 203(d), Md. Code Ann., State Gov't § 20-601(d), Md. Code Ann., Lab. & Empl. §§ 3-401(b), 3-501(b), and Montgomery, Md., Code § 27-19(a).

19. For the entire duration of the events giving rise to the allegations in this Complaint, Plaintiff was engaged in interstate commerce on Defendants' behalf within the meaning of 29 U.S.C. § 203(s)(1)(A)(i) and 42 U.S.C. § 12111(7), which incorporates by reference 42 U.S.C. § 2000e(g), (h).

## DEFENDANTS

20. Defendant Intipuqueno Restaurant is a Maryland corporation engaged in commerce within the meaning of 29 U.S.C. § 203(s) and 42 U.S.C. § 12111(7), which incorporates by reference 42 U.S.C. § 2000e(g), (h), with its principle place of business at 2504 Ennalls Avenue, Silver Spring, Maryland 20902, in Montgomery County, Maryland.

21. Defendant Telbis Elizabeth is an adult resident of Maryland.

22. Defendant Telbis Elizabeth is the owner and/or operator of Intipuqueno Restaurant.

23. Defendant Telbis Elizabeth is engaged in commerce within the meaning of 29 U.S.C. § 203(s) and 42 U.S.C. § 12111(7), which incorporates by reference 42 U.S.C. § 2000e(g), (h), and conducts business on behalf of Intipuqueno Restaurant from its location at 2504 Ennalls Avenue, Silver Spring, Maryland 20902, in Montgomery County, Maryland.

24. Defendants operate a full-service Latin American restaurant and bar, serving residents of Maryland and other states.

25. At all times relevant to this complaint, Defendant Intipuqueno Restaurant was Plaintiff's "employer" within the meaning of 42 U.S.C. § 12111(5), 29 U.S.C. § 203(d), Md. Code Ann., State Gov't § 20-601(d), Md. Code Ann., Lab. & Empl. §§ 3-401(b), 3-501(b), and Montgomery, Md., Code § 27-19(a).

26. At all times relevant to this complaint, Defendant Telbis Elizabeth was Plaintiff's "employer" within the meaning of 42 U.S.C. § 12111(5), 29 U.S.C. § 203(d), Md. Code Ann., State Gov't § 20-601(d), Md. Code Ann., Lab. & Empl. §§ 3-401(b), 3-501(b), and Montgomery, Md., Code § 27-19(a).

27. Upon information and belief, Defendants' gross annual sales made or business

5

done has been $500,000 or greater at all relevant times.

28. Upon information and belief, Defendants continuously had 15 or more employees.

29. At all relevant times, Defendant Intipuqueno was a covered entity within the meaning of 42 U.S.C. § 12111(2).

## FACTS

30. Defendants hired Plaintiff on or around January 2013.

31. Plaintiff worked for Defendants as a server at Intipuqueno Restaurant, 2504 Ennalls Avenue, Silver Spring, Maryland 20902, from on or around January 2013 to June 29, 2014.

32. Intipuqueno Restaurant is owned and operated by Telbis Elizabeth.

33. Defendants supervised Plaintiff and controlled the terms and conditions of her employment.

34. Defendants exercised the power to assign Plaintiff tasks and to direct the means of carrying out those tasks.

35. Defendants monitored and evaluated the job performance of Plaintiff.

36. Defendants exercised the power to control Plaintiff's work schedule and employment status, including rate of pay.

37. Between her hire date of on or around January 2013, and her last day of employment on June 29, 2014, Plaintiff worked approximately 51.5 hours a week.

38. Throughout her employment with Defendants, Plaintiff regularly worked over 40 hours per week.

39. Defendants never paid Plaintiff any wages or salary for the work she performed.

40. The only compensation Plaintiff received for her work at Intipuqueno Restaurant

were the tips paid to her by customers.

41. Defendants never issued Plaintiff a pay check.

42. Upon information and belief, Defendants did not record the hours worked by Plaintiff.

43. Upon information and belief, Defendants did not display any notification of employees' rights under federal or state wage and hour laws.

44. Defendants were and are aware that the FLSA, 29 U.S.C. § 206 and the MWHL, Md. Code Ann., Lab. & Empl. § 3413(b) require employers to pay all employees the statutory minimum wage for all hours worked.

45. Defendants were and are aware that the FLSA, 29 U.S.C. § 207(a) and the MWHL, Md. Code Ann., Lab. & Empl. § 3-4135(a) require employers to pay all employees overtime wages at one-and-a-half times their regular rate of pay for hours worked in excess of 40 hours each workweek.

46. Defendants were and are aware that the MWPCL, Md. Code Ann., Lab. & Empl. § 3-502 requires employers to pay employees regular and overtime wages at least once every two weeks, or twice per month.

47. Defendants were and are aware that the FLSA, 29 § U.S.C. 211(c) and 29 C.F.R. § 516.6 require Defendants to keep and maintain records for at least two years documenting the hours worked by each employee and the amount paid to each employee during those hours.

48. Defendants were and are aware that the MWHL, Md. Code Ann., Lab. & Empl. § 3-424 requires Defendants to keep and maintain records for at least three years documenting the hours worked by each employee and the amount paid to each employee during those hours.

49. Defendants' failure to pay Plaintiff's wages as required by law was not the result

7

of a bona fide dispute.

50. Defendants' failure to pay Plaintiff's wages as required by law was willful and in bad faith.

51. Plaintiff suffers from epilepsy, a disability that substantially limits one or more major life activities.

52. On June 29, 2014, while working at Intipuqueno Restaurant, Plaintiff suffered an epileptic seizure, during which she became unconscious.

53. Upon information and belief, a customer called an ambulance to the restaurant, and the ambulance took Plaintiff to a local hospital on June 29, 2014.

54. The hospital released Plaintiff later that evening, June 29, 2014.

55. Defendants had not scheduled Plaintiff to work at the restaurant again until July 2, 2014.

56. On July 1, 2014, Blanca Gunuza, a manager at Intipuqueno Restaurant, contacted Plaintiff and informed her that Intipuqueno Restaurant was discharging her because she suffered an epileptic seizure at work.

57. As a result of Defendants' actions, Plaintiff suffered economic harm in the form of lost wages and emotional harm, including mental anguish, anxiety, stress, humiliation, and loss of enjoyment of life.

58. Defendants' actions were intentional.

59. Defendants' actions were done with malice or with reckless indifference to the protected rights of Plaintiff.

## COUNT I: VIOLATION OF THE ADA

60. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs in support of her claims under the ADA.

61. Defendant Intipuqueno Restaurant discriminated against Plaintiff on the basis of her disability when it discharged her because of her epilepsy, in violation of 42 U.S.C. § 12112(a).

62. At the time of her discharge, Plaintiff was qualified for her work as a server, and was performing her job at a level that met her employer's legitimate expectations.

63. Defendant Intipuqueno Restaurant terminated Plaintiff's employment after she suffered an epileptic seizure while working at Intipuqueno Restaurant, and informed Plaintiff that it was discharging her because of her epilepsy.

64. As a result of Defendant's actions, Plaintiff suffered economic harm in the form of lost wages and emotional harm, including mental anguish, anxiety, stress, humiliation, and loss of enjoyment of life.

## COUNT II: VIOLATION OF THE MARYLAND HUMAN RIGHTS ACT

65. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs in support of her claims under the MHRA.

66. Defendants discriminated against Plaintiff on the basis of her disability when they discharged her "because of" her disability, in violation of Md. Code Ann., State Gov't § 20-606(a)(1)(i).

67. As a result of Defendants' actions, Plaintiff suffered economic harm in the form of lost wages and emotional harm, including mental anguish, anxiety, stress, humiliation, and loss of enjoyment of life.

## COUNT III: VIOLATION OF THE MONTGOMERY COUNTY CODE

68. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs in support of her claims under the MCC.

69. Defendants discriminated against Plaintiff on the basis of her disability when they discharged her "because of" her disability, in violation of Montgomery, Md., Code § 27-19(a)(1)(A).

70. As a result of Defendants' actions, Plaintiff suffered economic harm in the form of lost wages and emotional harm, including mental anguish, anxiety, stress, humiliation, and loss of enjoyment of life.

## COUNT IV: VIOLATION OF THE FAIR LABOR STANDARDS ACT

71. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs in support of her claims under the FLSA.

72. During the applicable statutory period, Defendants routinely failed to pay Plaintiff a minimum wage for all hours worked, in violation of 29 U.S.C. § 206.

73. During the applicable statutory period, Plaintiff routinely worked hours in excess of forty per workweek without receiving overtime compensation from Defendants for these hours, in violation of 29 U.S.C. § 207(a).

74. Defendants' violations of the FLSA were repeated, willful, and intentional. Accordingly, a three-year statute of limitations governs this claim pursuant to 29 U.S.C. § 255(a).

75. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not in violation of the FLSA. As a result thereof, Plaintiff is entitled to recover all unpaid minimum wage and overtime compensation. Additionally, Plaintiff

is entitled to recover liquidated damages in an amount equal to the unpaid wages described above, plus costs and reasonable attorneys' fees incurred in the filing and prosecution of this action, pursuant to 29 U.S.C. § 216(b).

76. Alternatively, should the Court find that Defendants have not acted willfully in failing to pay minimum and overtime wages, Plaintiff is entitled to an award of prejudgment interest on all unpaid wages at the applicable legal rate.

## COUNT V: VIOLATION OF THE MARYLAND WAGE & HOUR LAW

77. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs in support of her claims under the MWHL.

78. During the applicable statutory period, Defendants routinely failed to pay Plaintiff a minimum wage for all hours worked, in violation of Md. Code Ann., Lab. & Empl. § 3-413(b).

79. During the applicable statutory period, Plaintiff routinely worked hours in excess of forty per workweek without receiving overtime compensation from Defendants for these hours, in violation of Md. Code Ann., Lab. & Empl. § 3-415(a).

80. Defendants have not acted in good faith or with reasonable grounds to believe their actions and omissions were not in violation of the MWHL.

81. Plaintiff is entitled to recover all unpaid minimum wage and overtime compensation, in addition to liquidated damages in an amount equal to the amount of unpaid wages described above, plus costs and reasonable attorneys' fees incurred in the filing and prosecution of this action, pursuant to Md. Code Ann., Lab. & Empl. § 3-427.

82. Alternatively, should the Court find that Defendants have not acted willfully in failing to pay minimum and overtime wages, Plaintiff is entitled to an award of prejudgment interest on all unpaid wages at the applicable legal rate.

# COUNT VI: VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW

83. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs in support of her claims under the MWPCL.

84. During the applicable statutory period, Defendants routinely failed to pay Plaintiff a minimum wage for all hours worked, in violation of Md. Code Ann., Lab. & Empl. § 3-413(b).

85. During the applicable statutory period, Plaintiff routinely worked hours in excess of forty per workweek without receiving overtime compensation from Defendants for these hours, in violation of Md. Code Ann., Lab. & Empl. § 3-507.2(b).

86. During the applicable statutory period, Defendants routinely failed to pay Plaintiff in full at least twice in each month, in violation of Md. Code Ann., Lab. & Empl. § 3-507.2(a).

87. Defendants did not withhold Plaintiff's wages as a result of a bona fide dispute. Therefore, Plaintiff is entitled to recover from Defendants three times the wages owed, in addition to reasonable attorneys' fees and costs, pursuant to Md. Code Ann., Lab. & Empl. § 3-507.2(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court:

(a) Grant judgment for Plaintiff against Defendants on all counts;

(b) Order Defendants, jointly and severally, to pay to Plaintiff as equitable relief, back pay, prejudgment interest, front pay, and any other appropriate relief to make Plaintiff whole and compensate her for the civil rights violations described above, these amounts to be determined at trial;

(c) Order Defendants, jointly and severally, to pay to Plaintiff compensatory damages in amounts to be determined at trial;

(d) Order Defendants, jointly and severally, to pay to Plaintiff punitive damages in amounts to be determined at trial;

(e) Order Defendants, jointly and severally, pursuant to the Fair Labor Standards Act, to pay to Plaintiff the unpaid minimum wages owed to her pursuant to 29 U.S.C. § 203 and the unpaid overtime wages owed to her pursuant 29 U.S.C. § 207, plus an equal amount in liquidated damages pursuant to 29 U.S.C. § 216;

(f) Order Defendants, jointly and severally, pursuant to the Maryland Wage and Hour Law, to pay to Plaintiff the unpaid minimum wages owed to her pursuant to Md. Code Ann., Labor & Employ. Article § 3-413(b) and the unpaid overtime wages owed to her pursuant to § 3-415(a), plus an equal amount in liquidated damages pursuant to Md. Code Ann., Lab. & Empl. § 3-427;

(g) Order Defendants, jointly and severally, pursuant to Md. Code Ann., Labor & Employ. Article § 3-507.1 and 3-507.2, to pay Plaintiff the wages illegally withheld from her, plus three times the amount of wages in liquidated damages pursuant to 3-507.2(b);

(h) Order Defendants to pay Plaintiff's reasonable attorney's fees and costs; and

(i) Order any other relief that the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Respectfully Submitted,

*Daniel A Katz*
Daniel A. Katz, Bar No. 12026
dkatz@ggilbertlaw.com

*Marlene Ailloud*
Marlene S. Ailloud, Bar No. 18974
mailloud@ggilbertlaw.com

*Lucy Bansal*
Lucy B. Bansal, Bar No. 06639
lbansal@ggilbertlaw.com

The Law Offices of Gary M. Gilbert
& Associates, P.C.
1100 Wayne Avenue, Suite 900
Silver Spring, Maryland 20910
Tel: (301) 608-0880; Fax: (301) 608-0881

Counsel for Plaintiff