# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARINA PORTILLO, | * |
| Plaintiff, | * |
| v. | * Civil Case No. PWG-15-3909 |
| INTIPUQUENO RESTAURANT, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER AND JUDGMENT

Plaintiff Marina Portillo filed a motion for default judgment in the above-captioned matter. ECF No. 8. Having reviewed Plaintiff's well-written and thorough memorandum and the accompanying affidavit, ECF No. 8-1, and pursuant to Fed. R. Civ. P. 55(b), I find as follows:

1) Plaintiff brings claims of discrimination in violation of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12112(a); the Maryland Human Rights Act ("MHRA"), Md. Code Ann., State Gov't § 20-606(a)(1)(i); and the Montgomery County Code ("MCC"), Montgomery Cnty. Code § 27-19(a)(1)(A); as well as claims of violations of the wage payment laws in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207(a); the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., Lab & Empl. §§ 3-413(b), 3-415(a); and the Maryland Wage Payment and Collection Law ("MWPCL"), Lab. & Empl. §§ 3-413(b), 3-507.2(a), (b);

2) Defendants Intipuqueno Restaurant and Telvis Elizabeth Garcia[1] were properly served with the Complaint on January 12, 2016;

3) Defendants' responses to the Complaint were due to be filed on or before February 2, 2016, and the time within which Defendants could answer or otherwise defend has passed;

4) Defendants did not answer or otherwise defend;

5) Defendants' default was entered by the clerk of the Court on March 30, 2016; and

6) Plaintiff established Defendants' liability on all counts.[2]

Accordingly, it is hereby ORDERED that:

1. The Clerk shall correct Defendant Telvis Elizabeth Garcia's name on the docket;

2. Plaintiff's motion, ECF No. 8, IS GRANTED;

3. Judgment IS ENTERED in favor of Marina Portillo and against Defendants Intipuqueno Restaurant and Telvis Elizabeth Garcia, jointly and severally, on all counts, in the total amount of **$154,710.36**, which amount consists of unpaid regular and overtime wages and treble damages, in the amount of $141,691.68, for hours

---

[1] Plaintiff notes in her motion that "[t]he Complaint incorrectly referenced Ms. Garcia as 'Telbis Elizabeth,'" when "[h]er correct name is Telvis Elizabeth Garcia." Pl.'s Mot. 1 n.1. The Clerk shall correct the docket.

[2] Under what is known as the "one wrong, one recovery rule," a party may not recover twice for one injury, even if the party asserts multiple, consistent theories of recovery. *See Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 333 (1980). Therefore, Plaintiff will recover only once for all damages resulting from Defendants' failure to pay her wages and overtime during her employment, even though Plaintiff established Defendants' liability under the FLSA, MWHL, and MWPCL. Likewise, Plaintiff will recover only once for all damages resulting from disability discrimination, even though Plaintiff established Defendants' liability under the ADA, MHRA, and MCC. And, for her wage payment claims, she will recover treble, but not liquidated, damages. *See Quiroz v. Wilhelm Commercial Builders, Inc.*, No. WGC-10-2016, 2011 WL 5826677, at *3 (D. Md. Nov. 17, 2011) ("Plaintiffs are entitled to recover liquidated damages under the FLSA or treble damages under the [MWPCL], but not both.").

worked during Plaintiff's employment with Defendants, and wages lost after Defendants terminated Plaintiff, in the amount of $13,018.68;

4. Plaintiff may file a motion for attorneys' fees and costs by January 6, 2017.

Date: December 8, 2016

/S/
Paul W. Grimm
United States District Judge