# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARINA PORTILLO,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. PWG-15-3909 |
| **INTIPUQUENO RESTAURANT,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Marina Portillo claims that she worked for Intipuqueno Restaurant and its owner Telbis Elizabeth Garcia (together, "Intipuqueno") but was not paid for the overtime hours she regularly worked, did not receive any compensation other than tips, and was not paid "in full at least twice each month." Compl., ECF No. 1. According to Portillo, her employment ended when she was fired in retaliation for an epileptic seizure that she had while at work. Thereafter, she filed suit against Intipuqueno on December 22, 2015, bringing claims of discrimination in violation of federal, state, and local law, as well as claims of violations of federal and state wage payment laws.[1] *Id.* Intipuqueno did not answer or otherwise respond, and on December 28, 2016, I granted Portillo's Motion for Default Judgment against Intipuqueno, awarded

---

[1] Specifically, she alleges violations of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12112(a); the Maryland Human Rights Act ("MHRA"), Md. Code Ann., State Gov't § 20-606(a)(1)(i); and the Montgomery County Code ("MCC"), Montgomery Cty. Code § 27-19(a)(1)(A); as well as claims of violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207(a); the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., Lab & Empl. §§ 3-413(b), 3-415(a); and the Maryland Wage Payment and Collection Law ("MWPCL"), Lab. & Empl. §§ 3-413(b), 3-507.2(a), (b).

$154,710.36 in damages, and allowed Portillo to file a motion for attorney's fees and costs. J. & Order 2–3, ECF No. 9.

Portillo moved for attorney's fees. ECF No. 11. On February 2, 2017, Intipuqueno responded for the first time in the case, opposing the motion, ECF No. 12, and seeking leave to file a motion to set aside default judgment that had been entered just over one month earlier, ECF No. 13. I granted leave for Intipuqueno to file the motion, and I dismissed the motion for attorney's fees without prejudice to renewal following the resolution of this matter. ECF No. 23.

Intipuqueno filed the pending Motion to Set Aside Default Judgment on March 16, 2017, asserting that "Garcia speaks little English and believed that her attorney was responding to the pleadings in this matter," and "[s]he moved as quickly as possible to obtain [counsel] once she learned of the default judgment." Defs.' Mot. 4–5, ECF No. 26. Portillo filed an opposition. ECF No. 30. Defendants did not file a reply, and the time for doing so has passed. *See* Loc. R. 105.2(a). A hearing is not necessary. *See* Loc. R. 105.6. Because Intipuqueno has presented a meritorious defense and shown excusable neglect in its efforts to respond to Portillo's complaint, I will grant Intipuqueno's Motion and set aside the default judgment.

## Discussion

There is a "strong policy that cases be decided on their merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *see also Offer v. Golden Sands Club Condo., Inc.*, No. ELH-16-3695, 2017 WL 2335596, at *3 (D. Md. May 26, 2017) ("[T]he Fourth Circuit has repeatedly expressed a strong preference that, as a matter of general policy, 'default should be avoided and that claims and defenses be disposed of on their merits.'"). Yet, when a party fails to respond to a pleading or otherwise defend, entry of judgment by default may be appropriate. *See* Fed. R. Civ. P. 55; *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). After the

Court enters a default judgment, the party against whom the judgment was entered may seek relief from the judgment pursuant to Rule 60(b). *See* Fed. R. Civ. P. 55(c).

> Rule 60(b) provides:
>
> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Court must "balance[] against the manifest preference for trials on the merits" its "interests in finality and repose" and its "concern lest an already-burdened judicial system by compromised by frivolous and unnecessary proceedings." *United States v. Moradi*, 673 F.2d 725, 727–28 (4th Cir. 1982). Therefore, in addition to establishing one of these reasons, the movant must "act in a timely fashion, to avoid prejudice to the non-movant, and . . . proffer a meritorious defense in order to obtain relief." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). Defendants identify mistake and fraud as bases for relief. *See* Defs.' Mot. 6, 7. "When a Rule 60(b)(1) motion is made, the District Court denies or grants relief based on its discretionary appraisal of the particular facts of the case." *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973).

*Mistake*[2]

In considering the reason offered for a defendant's failure to defend, the Court considers whether it was the party or its counsel that was responsible for the default. *Augusta Fiberglass*, 843 F.2d at 811.

> This focus on the source of the default represents an equitable balance between our preference for trials on the merits and the judicial system's need for finality and efficiency in litigation. When the party is blameless and the attorney is at fault, the former interests control and a default judgment should ordinarily be set aside.

*Id.* This is because "justice also demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." *Moradi*, 673 F.2d at 728. Thus, "when the party is blameless, his attorney's negligence qualifies as a 'mistake' or as 'excusable neglect' under Rule 60(b)(1)." *Augusta Fiberglass*, 843 F.2d at 811 (citing *Moradi*, 673 F.2d at 727–28). Notably, in *Moradi*, the Fourth Circuit held that the

---

[2] Intipuqueno also argues that it is entitled to relief from judgment because Portillo's pleadings are false, such that she "obtained [the judgment] by fraud and she has committed perjury." Defs.' Mot. 1, 7. But, the fraud contemplated by Rule 60(b)(3) is fraud that prevents an opposing party from fully or fairly presenting its case to the Court. *Cohen v. Rosenstein*, No. WMN-14-3996, 2016 WL 8222018, at *1 (D. Md. Sept. 16, 2016) ("When the motion is based on assertions of fraud, misrepresentation, or misconduct, the movant 'must also prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense.'" (quoting *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981))). It does not refer to the perjury that Intipuqueno insists Portillo is committing. *See id.* Intipuqueno does not contend that Portillo prevented it from presenting its case to the Court. Therefore, Rule 60(b)(3) does not provide a basis for relief. *See Square Constr. Co.*, 657 F.2d at 71; *Cohen*, 2016 WL 8222018, at *1.

Likewise, Rule 60(d)(3), which permits a court to "set aside a judgment for fraud on the court," and which Intipuqueno cites, *see* Defs.' Mot. 7, is also an inappropriate ground for relief under these circumstances. Perjury is "not adequate to permit relief as fraud on the court because the legal system encourages and expects litigants to root [it] out as early as possible," and "fraud on the court 'is limited to situations such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *United States v. Conrad*, 675 Fed. App'x 263, 264–65 (4th Cir. 2017) (quoting *Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135 (4th Cir. 2014)).

Moradi should not be punished for his counsel's failure to respond or defend the lawsuit when Moradi himself bore "no personal responsibility for the failure to answer punctually or to appear at [a court-ordered] pre-trial conference." *Moradi*, 673 F.2d at 728.

In an affidavit translated to English from Spanish, Garcia asserts that she "retained the attorney Mark Chalpin and believed that he would defend [her] and Intipuqueno in this action, including filing responsive pleadings." Garcia Aff. ¶ 4, Defs.' Ex. 2, ECF No. 26-2. According to Garcia, she "speak[s] very little English, and need[s] a translator to understand what is happening in this matter." *Id.* ¶ 6. She would take documents she received in this case "to Mr. Chalpin and [she] believed he was taking the appropriate actions to represent [her] interests in this action." *Id.* ¶ 5. She received the Order and Judgment in this case in December, "was frightened as to what [she] thought it might mean," and "realized that [her] attorney Mr. Chalpin had not been doing his job and [she] immediately proceeded to try to find new counsel." *Id*. ¶ 7.

Portillo contends that Chalpin only represented Defendants for the limited purpose of settlement, noting that they have not "provide[d] any documentation establishing that Defendant Garcia retained Mr. Chalpin and the scope of representation they agreed upon, such as a retainer agreement or any other correspondence," and therefore Garcia cannot show that she, as a self-represented litigant, exercised due diligence in defending herself in this case. Defs.' Opp'n 10–11. Certainly, in a February 18, 2016 email to Portillo's counsel, Chalpin stated: "I have been retained by Telvis Elizabeth Garcia and the Intipuqueno Restaurant to try to settle this lawsuit." Emails 9, Pl.'s Ex. D, ECF No. 30-4. But, he did not state that he *only* represented Defendants for settlement purposes. Having reviewed this evidence, I find that Garcia, having retained counsel in this case, has shown that she reasonably believed that her attorney would take the actions necessary to resolve the matter, including responding to pleadings. Therefore,

Defendants are not responsible for the failure to defend, and their attorney's failure to act qualifies as mistake or excusable neglect under Rule 60(b)(1). *See Augusta Fiberglass*, 843 F.2d at 811; *Moradi*, 673 F.2d at 727–28.

*Timeliness*

As for the timeliness of Intipuqueno's action, although Portillo filed suit more than a year earlier, Defendants retained counsel and sought to set aside the default judgment on February 2, 2017, just over a month after its entry on December 28, 2016. "Whether a party has taken 'reasonably prompt' action, of course, must be gauged in light of the facts and circumstances of each occasion and the exercise of discretion by the trial judge will not be disturbed lightly." *Moradi*, 673 F.2d at 727. Given that Garcia believed that counsel was acting on her behalf until she received the Order and Judgment, I find that she acted promptly. And, a delay of just over a month in seeking to set aside the judgment certainly did not prejudice Portillo.

*Meritorious Defense*

"[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727. To determine whether Intipuqueno has established a meritorious defense to any of Portillo's claims, I must consider the elements of each claim.

To prevail on her claim of wrongful discharge in violation of federal, state and local laws (Counts I–III), Portillo must show, *inter alia*, that "she was discharged" and that "the circumstances of her discharge raise a reasonable inference of unlawful discrimination." *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 273 n.9 (4th Cir. 2004) (discussing ADA); *see Sillah v. Burwell*, 244 F. Supp. 3d 499, 507 (D. Md. 2017) ("For Plaintiff's claims of disability

discrimination, because Maryland has applied the Montgomery County Human Rights Act and Maryland Human Relations Act by looking to ADA case law, it is appropriate to consider those claims of disability discrimination together." (citing *Anderson v. Discovery Commc'ns, LLC*, 517 Fed. App'x 190, 193 n.3 (4th Cir. 2013), *as amended* (May 3, 2013) (citing *Ridgely v. Montgomery Cty.*, 883 A.2d 182, 193 (Md. Ct. Spec. App. 2005)))). Intipuqueno offers evidence in the form of affidavits that Portillo was not discharged for having a seizure, and no one knew at the restaurant that Portillo had a seizure on the day in question. Garcia Aff. ¶ 13; Canales Aff. ¶ 14, Defs.' Ex 7, ECF No. 26-7; Lizama Aff. ¶ 12, Defs.' Ex. 8, ECF No. 26-8; Paredes Alvarado Aff. ¶¶ 8, 34, Defs.' Ex. 9, ECF No. 26-9; Ganuza Aff. ¶¶ 11–13. Moreover, Intipuqueno offers evidence that she was not discharged; she quit. Garcia Aff. ¶ 15; Ganuza Aff. ¶ 14, Defs.' Ex. 10, ECF No. 26-10. If the trier of fact believed Intipuqueno's evidence that Portillo was not discharged and that her employer was unaware of her disability, it would prevent Portillo from proving these elements. Thus, Intipuqueno has established a meritorious defense to these claims. *Moradi*, 673 F.2d at 727. Because Defendants also have shown excusable neglect and that they acted promptly to obtain relief, I will set aside the judgment as to these claims. *See Augusta Fiberglass*, 843 F.2d at 811; Fed. R. Civ. P. 55(c), 60(b)(1).

As for Portillo's claims for overtime wages under the FLSA, the MWHL, and the MWPCL in Counts IV, V, and VI,[3] she must prove that she worked in excess of forty hours per week. *See* 29 U.S.C. § 207 ("[An employer cannot] employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times

---

[3] "The MWHL 'mirror[s]...the federal [FLSA] law,' and the Plaintiff['s] MWHL claim 'stands or falls on the success of their claim under the FLSA.'" *Jennings v. Rapid Response Delivery, Inc.*, No. WDQ-11-92, 2011 WL 2470483, at *5 (D. Md. June 16, 2011) (quoting *Turner v. Human Genome Sci., Inc.,* 292 F. Supp. 2d 738, 744 (D. Md. 2003)).

7

the regular rate at which he is employed."); *Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 625–26 (Md. 2014) ("[B]oth the [M]WHL and the [M]WPCL are vehicles for recovering overtime wages."). Intipuqueno offers evidence that, despite being scheduled for more than forty hours per week, Portillo often did not show up for work, left early, was absent for extended periods, and never worked more than forty hours per week. Garcia Aff. ¶¶ 17–21; Canales Aff. ¶¶ 10–11; Lizama Aff. ¶¶ 8–9; Paredes Alvarado Aff. ¶¶ 10, 15–18, 20; Ganuza Aff. ¶¶ 5–8. If the trier of fact believed this evidence, Defendants could prevail on the overtime claims under the FLSA, MWHL, and MWPCL. Therefore, they sufficiently have shown a meritorious defense to these claims.

Counts IV, V, and VI also include claims for minimum wages under the FLSA, MWHL, and MWPCL.

> Section 206 of FLSA requires covered employers to pay all employees a minimum wage for hours worked, unless the employee qualifies for a statutory exemption. *See* 29 U.S.C. § 206(a). Employers may, however, pay employees less than the federal minimum wage if the employee is engaged in an occupation which regularly receives tips. *See* 29 U.S.C. § 203(m). Section 203(t) defines a "tipped employee" as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t). As this court has explained, "[t]ipped employees ... are required to receive at least the minimum wage, but their employers are permitted to pay a direct wage of $2.13 per hour and then take a 'tip credit' to meet the $7.25 per hour minimum wage requirement." *Gionfriddo v. Jason Zink, LLC*, 769 F.Supp.2d 880, 893 (D. Md. 2011). In essence, FLSA's requirements are satisfied when the difference between the $2.13 paid to the employee and the $7.25 minimum wage is made up for by the tips received by the employee. *See id.*; *see also Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 680 (D. Md. 2012). In order to utilize the tip credit loophole under the statute, "during the relevant time frame the employer [is] required to (1) inform the employee that the tip credit was being claimed; and (2) allow the employee to retain all tips he or she received...." *Dorsey*, 888 F. Supp. 2d at 681 (quoting *Arencibia v. 2401 Rest. Corp.*, 831 F. Supp. 2d 164, 175 (D.D.C. 2011). The requirements for claiming the tip credit under the statute are "strictly construed." *Id.* (citing *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F.Supp.2d 253, 287 (S.D.N.Y. 2011).

*Barnhart v. Chesapeake Bay Seafood House Assocs., L.L.C.*, No. JFM-16-01277, 2017 WL 1196580, at *3 (D. Md. Mar. 31, 2017). The MWHL "requirements directly track the FLSA requirements with respect to the minimum wage and tipped employee provisions." *Id.* at *6 (citing *McFeeley v. Jackson St. Entm't, LLC*, 825 F.3d 235, 245–46 (4th Cir. 2016)). Under the MWHL, however, the direct wage that must be paid is $3.63 instead of $2.13. *See* Md. Code Ann., Lab. & Empl. § 3-419(c). The MWPCL, like the MWHL, "allow[s] employees to recover unlawfully withheld wages from their employer." *Peters*, 97 A.3d 621, 625.

Certainly, Garcia stated in her affidavit that Portillo "regularly earned approximately $450 per week in tips." Garcia Aff. ¶ 24.[4] Thus, Portillo easily qualified as a "tipped employee." *Barnhart*, 2017 WL 1196580, at *3. If Portillo worked no more than forty hours per week, as Intipuqueno asserts, she would have earned at least $11.25 per hour, well over the minimum wage. And, Intipuqueno offered a photograph as evidence that the laws were posted in the workplace; this postings may have included information about the "tip credit." *See* Garcia Aff. Ex. 6. But, there is no evidence that Intipuqueno paid Portillo the direct wage required under federal ($2.13/hour) or Maryland ($3.63/hour) law. *Barnhart*, 2017 WL 1196580, at *3. Consequently, this evidence does not provide a meritorious defense to Portillo's claim for minimum wages. It does, however, provide a defense to a claim for $7.25 per hour in minimum wages, as Portillo may have been entitled to only the direct wage due to tipped employees. *See id.* And, it provides a defense to the number of hours Portillo claims to have worked.

---

[4] Garcia made this statement "[u]pon information and belief," which would not be sufficient for entry of judgment. *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 543 (D. Md. 2011) ("An allegation made 'on information and belief' does 'not serve as a reliable foundation upon which to predicate a final judgment.'" (quoting *Oceanic Trading Corp. v. Vessel Diana,* 423 F.2d 1, 4–5 (2d Cir. 1970))). But, as noted, when moving to set aside a default judgment, "all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727.

Accordingly, I will grant the motion to set aside the judgment as to damages on the FLSA, MWHL, and MWPCL minimum wage claims, but deny it as to liability on these claims. *See Augusta Fiberglass*, 843 F.2d at 811; Fed. R. Civ. P. 55(c), 60(b)(1).

Portillo also includes a claim in Count VI for failure to pay wages at least twice a month, in violation of the MWPCL. *See Alvarez-Soto v. B. Frank Joy, LLC*, No. TDC-15-1120, 2017 WL 2731300, at *6 (D. Md. June 23, 2017) ("The MWPCL requires an employer to set regular pay periods and pay each employee at least every two weeks or twice a month . . . ." (citing Md. Code Ann., Lab. & Empl. § 3–502(a)(1))). As noted, Intipuqueno does not offer any evidence that it paid any direct wages to Portillo, let alone wages in regular, statutorily-required intervals. But, as also noted, the amount of damages is in question, as Portillo may have been entitled to only the direct wage due to tipped employees and she may have worked fewer hours than she alleges. Therefore, I will grant the motion to set aside the judgment as to damages on this MWPCL wage payment claim, but deny it as to liability on this claim. *See Augusta Fiberglass*, 843 F.2d at 811; Fed. R. Civ. P. 55(c), 60(b)(1).

## **Conclusion**

In sum, because Intipuqueno has shown excusable neglect, moved promptly to set aside the default judgment, such that Portillo was not prejudiced, and has shown meritorious defenses with regard to Portillo's discrimination and overtime claims, I will set aside the judgment as to liability and damages on the discrimination and overtime claims. Because Intipuqueno has shown meritorious defenses with regard to the damages due on her minimum wage and bimonthly wage payment claims but not as to liability on those claims, I will set aside the judgment as to damages, but not liability, on those claims. The following chart summarizes the status of Portillo's claims.

| Count | Claim | Liability | Damages |
| --- | --- | --- | --- |
| I – ADA | discrimination | Judgment set aside | Judgment set aside |
| II – MHRA | discrimination | Judgment set aside | Judgment set aside |
| III – MCC | discrimination | Judgment set aside | Judgment set aside |
| IV – FLSA | failure to pay minimum wage | Judgment in Plaintiff's favor | Judgment set aside |
| IV – FLSA | failure to pay overtime | Judgment set aside | Judgment set aside |
| V – MWHL | failure to pay minimum wage | Judgment in Plaintiff's favor | Judgment set aside |
| V – MWHL | failure to pay overtime | Judgment set aside | Judgment set aside |
| VI – MWPCL | failure to pay minimum wage | Judgment in Plaintiff's favor | Judgment set aside |
| VI – MWPCL | failure to pay overtime | Judgment set aside | Judgment set aside |
| VI – MWPCL | failure to pay bimonthly | Judgment in Plaintiff's favor | Judgment set aside |

## **ORDER**

Accordingly, it is, this 8th day of November, 2017, hereby ORDERED that

1. Defendants' Motion to Set Aside Default Judgment, ECF No. 26, IS GRANTED IN PART AND DENIED IN PART as follows:

    a. The judgment as to liability is set aside for Counts I (ADA), II (MHRA), and III (MCC) in their entirety, and the overtime claims in Counts IV (FLSA), V (MWHL), and VI (MWPCL);

b. The judgment as to liability is not aside for the minimum wage claims in Counts IV (FLSA), V (MWHL), and VI (MWPCL), or for the failure to pay bimonthly claim in Count VI (MWPCL); and

c. The judgment as to damages is set aside for all claims;

2. Defendants' Answer IS DUE November 22, 2017. Thereafter, a Scheduling Order will be issued and a telephonic scheduling conference will be set.

/S/
Paul W. Grimm
United States District Judge