# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered on August 2, 2018 ("Effective Date"), by and between (i) Intipuqueno Restaurant, LLC ("Intipuqueno") and Telvis Elizabeth Garcia, on the one hand (collectively, the "Employers"), and (ii) Marina Portillo ("Employee"), on the other hand (all collectively "Parties" and individually "Party"), with reference to the following:

On or about December 22, 2015, Employee filed a lawsuit ("Lawsuit") against the Employers in the U.S. District Court for the District of Maryland ("Court"), Case No. 8:15-cv-03909-PWG. The Lawsuit alleges violations of law related to Employee's period of employment with the Employers, including claims related to minimum wage, overtime wage, and improper discharge. .

This Agreement represents and reflects the Parties' desire to compromise, resolve and settle this matter out of court.

In consideration of the representations, mutual releases and promises contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties voluntarily agree as follows:

1. **Incorporation of Recitals**. The aforesaid Recitals are hereby incorporated into this Agreement and made a part hereof as if they were set forth herein in full.

2. **Payment**. Employers agree to pay the Employee a total sum of seventy-eight thousand dollars ($78,000), representing $16,262.60 in wages, $3,825 in compensatory damages, and $57,912.40 in attorney's fees. Employers agree to pay this sum in the following manner: ten thousand dollar ($10,000) lump sum, representing $1,175 in wages, $3,825 in compensatory damages, and $5,000 in attorney's fees, on or before fourteen (14) days after the Effective Date of this Agreement; then twenty-four (24) monthly installments of two thousand eight hundred and

Exhibit 1

thirty-three dollars and thirty-three cents ($2,833.33), representing $628.65 in wages and $2,204.68 in attorney's fees, beginning on September 15, 2018. All payments are due by the fifteenth (15th) day of each month. All payments must consist of two separate checks, one payable to Employee for wages and compensatory damages and one payable to Employee's counsel, Gilbert Employment Law PC, for attorney's fees. All checks must be sent to Gilbert Employment Law PC, 1100 Wayne Avenue, Suite 900, Silver Spring, MD, 20910. These terms are reiterated in the Confessed Judgment Promissory Note, attached hereto as *Exhibit 1*.

3. **Default**. Any payment not received by the close of business 10 calendar days after the due date of the payment, any payment returned due to insufficient funds, or any payment not made for any other reason within the 10-day period referenced in this paragraph, shall constitute a default. If Employers default on any payment listed under paragraph 2, they consent to entry of a judgment in favor of Employee, through her attorneys, Gilbert Employment Law PC, in the amount of $78,000, less any payments received, plus pre-judgment interest on that amount at the legal rate of 6% per annum from the date of default through the date of entry of judgment, and post-judgment interest at the legal rate of 10% per annum from the date of judgment is entered until payment of the judgment, plus reasonable attorney's fees and costs. These terms are reiterated in the Confessed Judgment Promissory Note, attached hereto as *Exhibit 1*.

4. **Dismissal**. Within five (5) business days of receipt of the initial lump payment described in paragraph 2 above, Employee will file a stipulation of dismissal with the Court in the form attached as *Exhibit 2*.

5. **Releases**.

    a. Release of Employers. For and in consideration of (i) the execution of this Agreement by the Parties, and (ii) the payment of the Release Payments, Employee and her

Exhibit 1

respective heirs, executors, administrators, successors and assigns (individually and collectively, the "Portillo Group"), as of the Effective Date hereby release and forever discharge the Employers and their affiliated and related entities and all of their members, officers, managers, agents, employees, representatives, contractors and servants (collectively, the "Employers Group"), of and from the Lawsuit and any and all actions, suits, judgments, claims, proofs of claim, demands, damages, attorneys' fees, causes of action, debts, liabilities or controversies of any kind whatsoever, whether known or unknown, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, or arbitration tribunal or administrator, matured or unmatured, liquidated or unliquidated, that any of the Portillo Group now has or may have had, or thereafter claims to have on behalf of itself, or any other person or entity, against any of the Employers Group with respect to Employee's tenure of employment at Intipuqueno Restaurant, at any time on or before the Effective Date.

    b.  Release of Employee.  The Employers, and their agents, servants, attorneys, accountants, heirs, successors, affiliates, related entities, current and former owners, shareholders, partners, directors, officers, employees, executors, administrators, assigns and representatives, in their capacity as such, hereby release and discharge Employee, as well as her respective agents, servants, attorneys, accountants, heirs, successors, affiliates, related entities, current and former owners, shareholders, partners, directors, officers, employees, executors, administrators, assigns and representatives, in their capacity as such, from and against any and all actions, suits, judgments, claims, proofs of claim, demands, damages, attorneys' fees, causes of action, debts, liabilities or controversies of any kind whatsoever, whether known or unknown, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, or arbitration tribunal or administrator, matured or unmatured,

**Exhibit 1**

liquidated or unliquidated, that the Employers Group now has or may have had, or thereafter claim to have on behalf of themselves, or any other person or entity, against Employee with respect to Employee's tenure of employment at Intipuqueno Restaurant, at any time on or before the Effective Date.

    c.    Nothing contained in these Releases prevents the Parties from asserting or pursuing any claim to enforce the terms of this Agreement, or their rights under this Agreement.

6.    **Non-Disparagement; Confidentiality**.    The Parties agree to refrain from taking any action or making any statements, written or oral, that disparage or defame the goodwill or reputation of any other Party relating to the allegations or claims in the Lawsuit and released claims referenced in this Agreement and/or Employee's tenure of employment at Intipuqueno. The Parties further agree that (a) the details regarding the terms and conditions of this Agreement shall be strictly confidential, (b) no details regarding the terms and conditions of this Agreement may be disclosed to any third parties other than the Parties' immediate family members, lawyers, accountants, financial advisors, and their respective partners, members, officers, directors and employees with a need to know, except to the extent required by law.

7.    **Governing Law**. This Agreement is governed by and will be construed under the internal laws of the State of Maryland, without regard to its choice or conflict of law rules that might otherwise make the laws of another jurisdiction applicable.

8.    **Venue**. Any and all disputes arising from or related to this Agreement shall be initially filed, if at all, only in the District Court of Maryland for Montgomery County, Circuit Court for Montgomery County, Maryland, or United States District Court for the District of Maryland. The Parties waive all defenses of lack of personal jurisdiction, improper venue, or forum non conveniens for any such action brought in any of these courts.

Exhibit 1

9. **Prevailing Party**. The prevailing Party on any claim made under this Agreement will be entitled to recover from the adverse Party or Parties reasonable costs and attorneys' fees incurred to enforce and/or protect any or all rights. Such costs and fees are not limited to costs and fees incurred in any legal proceeding, but also include costs and attorneys' fees incurred prior to any proceeding that relate to a claimed material breach of any portion of this Agreement, or effort to enforce this Agreement by a Party or Parties against an adverse Party or Parties.

10. **Fees and Costs**. Except as otherwise provided for in this Agreement, each Party shall bear his, her, or its own attorneys' fees and costs.

11. **No Admission**. The Parties expressly agree that neither this Agreement nor the terms of this Agreement reflect an admission of any liability or wrongdoing whatsoever by any Party. The Parties agree that they will not directly or indirectly, expressly or by implication, assert that this Agreement, the settlement reflected in this Agreement, or any of the terms of this Agreement is an admission of merit, lack of merit, or liability of or by any Party.

12. **Modification and Waiver**. This Agreement may be modified only by a written document signed by the Parties. No waiver of this Agreement or of any of the promises, obligations, terms, or conditions contained in the Agreement is valid unless it is written and signed by the Party against whom the waiver is to be enforced. In addition, the failure of either Party, on one or more occasions, to enforce any of the provisions of this Agreement or to exercise any right or privilege contained in the Agreement will not thereafter be construed as a waiver of any subsequent breach or default of a similar nature, or as a waiver of any provisions, rights, or privileges in the Agreement.

13. **Binding Effect**. This Agreement is binding upon and inures to the benefit of the Parties, their predecessors, successors, parents, subsidiaries, affiliates, assigns, agents, directors, officers, employees, and shareholders.

Exhibit 1

14. **Severability**. If any part of this Agreement is finally determined to be invalid or unenforceable under applicable law, that part will be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of the provision or the remaining provisions of this Agreement. Furthermore, the Parties agree that in the event of an illegal, invalid or unenforceable provision, the Parties will use their best efforts to substitute a legally enforceable provision effectuating the intent of the Parties (as can be discerned from the subject provision and the rest of the Agreement) as closely as possible.

15. **Opportunity to Consult Counsel**. Each Party acknowledges that he, she, or it has read this document thoroughly and completely, has had the opportunity to consult legal counsel of his or its choosing, understands the rights, remedies and allegations surrounding the execution of this document, and is executing this document voluntarily.

16. **Duly Authorized Executor**. Each person who executes this Agreement by or on behalf of each respective Party warrants and represents that he or she has been duly authorized and empowered to execute and deliver this Agreement on behalf of such Party.

17. **Cooperation**. The Parties cooperated in the drafting of this Agreement, and, in the event that it is determined that any provision in this Agreement is ambiguous, that provision will not be presumptively construed against any Party.

18. **Complete Agreement**. This Agreement contains the complete agreement between the Parties with respect to its subject matter and supersedes any and all prior agreements, understanding, promises, warranties, and representations made by each Party to the other concerning the subject matter.

Exhibit 1

19. **Execution and Performance**. The Parties will execute all instruments and documents, furnish to each other all documents and information, and take all actions as may be reasonably necessary to effectuate this Agreement.

20. **Construction**. Whenever the context so requires in this Agreement, all words used in the singular are to be construed to have been used in the plural and vice versa; each gender is to be construed to include any other genders; and, the word "person" is to be construed to include a natural person, corporation, firm, partnership, joint venture, trust, estate, or any other entity.

21. **Notices**. Any notice required by or given in accordance with this Agreement must be in writing, must be sent via e-mail, and must also be (i) hand-delivered, (ii) sent via first- class, certified or registered mail, return receipt requested, postage prepaid, or (iii) sent via Federal Express or other reliable overnight carrier, to the following:

| To Employers: | *With copies to:* |
|---|---|
| Telvis Garcia | Alvaro A. Llosa, Esq. |
| Intipuqueno Restaurant | THE PELS LAW FIRM LLC |
| 9903 Fernwood Rd | 4845 Rugby Ave, 3rd FL |
| Bethesda, MD 20817 | Bethesda, MD 20814 |
| | allosa@pelslaw.com |
| | |
| To Employee: | *With copies to:* |
| Marina Portillo | Marlene S. Ailloud, Esq. |
| 3114 Whispering Pines Dr. Apt. 12 | Cori Cohen, Esq. |
| Silver Spring, MD 20906 | Gilbert Employment Law PC |
| | 1100 Wayne Ave, Ste. 900 |
| | Silver Spring, MD 20910 |
| | mailloud@gelawyer.com |
| | ccohen@gelawyer.com |

or to such other person or address as a Party may designate for him or it to receive notice from other Parties. Any Party or counsel that has a change in his or its contact information as reflected above must promptly notify all Parties and counsel listed above of such change and provide new contact information. Unless and until a Party or counsel has been notified or becomes aware of an address

Exhibit 1

change, he or it may conclusively rely on the last provided contact information from the other Parties or counsel for purposes of sending notices under this Agreement.

22. **Counterparts/Facsimile Signatures**. This Agreement may be executed in counterparts, and each counterpart, when executed, will have the efficacy of a signed original, and all of which will together constitute a fully executed Agreement. This Agreement may be executed by facsimile or electronic signatures transmitted to the other Parties by mail, fax, pdf, or e-mail that will be deemed to have the same force and effect as an original signature.

23. **No Assignment**. The Parties warrant and represent that: (a) they have not assigned or in any way transferred or conveyed, or agreed to do so, all or any portion of the claims released in section 2; and (b) to their knowledge, no other person or entity has or claims any right to any claim released in section 2.

24. **Force Majeure**. No Party will be considered in default or liable for any delay in performance or for any non-performance caused by circumstances beyond the reasonable control of such Party, including but not limited to acts of God (including earthquakes), explosion, fire, flood, accident, strike or other labor disturbance, war (whether declared or not), sabotage, order or decree of any court or action of any governmental authority.

(Signature page follows.)

**Exhibit 1**

Having fully read and understood the terms of this Agreement, the Parties freely and voluntarily sign their names below with the intention that they will be bound by this Agreement.

*Employers:*

**INTIPUQUENO RESTAURANT**

By: Telvis E. Garcia
Title: Sole Owner
Dated: 08/13/18

**TELVIS GARCIA**

Dated: 08/13/18

*Employee:*

**MARINA PORTILLO**

*MARINA E PORTILLO*

Dated: 8/2/18

**Exhibit 1**

# CONFESSED JUDGMENT PROMISSORY NOTE

## $78,000

### IMPORTANT NOTICE

THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.

FOR VALUE RECEIVED, and the sum of one dollar cash in hand paid, the receipt and sufficiency of which are hereby acknowledged, ___Intipuqueno, LLC (a/k/a Intipuqueno Restaurant) and Telvis Garcia, an individual, jointly and severally___ (hereinafter referred to as "Debtors"), which shall include the undersigned and each endorser, grantor, accommodation party and surety of this Note, promise to pay to the order of ___Gilbert Employment Law, PC___, as counsel for Marina Portillo (hereinafter referred to as "Creditors"), the sum of $__78,000.00__, payable as follows: $ __10,000__ lump sum due within 2 weeks of the execution of this Note; and thereafter 24 monthly installments of $ __2,833.33__ per month beginning on __September 15, 2018__. All payments are due by the fifteenth (15th) day of each month. This Note shall be due and payable in full on __August 15, 2020__, if not paid sooner as provided herein. This Note is payable to Creditors, and mailed to: __Gilbert Employment Law PC, 1100 Wayne Avenue, Suite 900, Silver Spring, MD 20910__, or at any such other place as may be designated from time to time by the holder hereof.

Debtors hereby expressly waive the benefit of any homestead exemption as to this debt and waive demand, protest, notice of presentment, notice of protest, and notice of non-payment and dishonor of this note.

Debtors shall have the option of paying the entire balance of any unpaid principal sum set forth above or any future installment payments in advance, in whole or in part, at any time and from time to time, without penalty for any such prepayment. These sums resolve claims raised by Marina Portillo in *Marina Portillo v. Intipuqueno Restaurant, et al.*, Case No. 8:15-cv-03909-PWG (D. Md.).

All payments are to be made in certified funds, cashiers' check or wire transfer.

This Confessed Judgment Note is payable directly to **"Gilbert Employment Law, PC"**. Payment must be made to Gilbert Employment Law, PC, 1100 Wayne Avenue, Suite 900,

**CONFESSED JUDGMENT PROMISSORY NOTE**
Page 1 of 3

**Exhibit 1**

**Exhibit 1**

Silver Spring, MD 20910. Gilbert Employment Law, PC reserves the right to designate an alternate payee for such funds with reasonable written notice to Debtors.

Any payment not received by the close of business 10 calendar days after the due date of the payment, any payment not properly dated and signed, any payment returned due to insufficient funds, or any payment not made for any other reason within the 10-day period referenced in this paragraph, shall constitute a default. Upon default, all remaining payments of this $78,000.00 confessed judgment note shall become due and payable at the sole option of the holder and the undersigned agrees to pay all costs of collection, including, but not limited to, penalties and attorney's fees as described below.

Debtors agree that this note is provided not in payment of, but as additional security for and evidence of obligations due to the Creditors under existing Settlement Agreement with Debtors and this note is not accepted in lieu of Creditors mechanic's lien, payment bond, trust fund or other legal rights. Debtors expressly agree to submit to personal jurisdiction in Maryland and agree that the forum for any litigation pursuant to this Agreement or any other contract between Creditors and Debtors, whether suit is brought by Creditors or Debtors, shall be brought in the County of Montgomery, Maryland. This Note shall be governed by and construed in accordance with the laws of Maryland. Debtors hereby constitute and appoint Creditors as their true and lawful attorney-in-fact, with full power and authority hereby given her to appear and present this note before the Clerk of any Court in Montgomery County, Maryland, at any time after default on any of the installments hereof, and to waive the issuance and service of process and to confess judgment against Debtors in favor of Creditors for the amount of money due ($78,000.00 less credit for all payments made), plus pre-judgment interest on that amount at the legal rate of 6% per annum from the date of default through the date of entry of judgment, and post-judgment interest at the legal rate of 10% per annum from the date of judgment is entered until payment of the judgment, plus attorney's fees, if applicable, and costs for enforcement of this confessed judgment note.

Notwithstanding anything to the contrary contained herein or in any other document which relates to or secures this indebtedness, the effective rate of interest on the obligation evidenced by this Note shall not exceed the lawful maximum rate of interest permitted to be paid. Without limiting the generality of the foregoing, it is hereby expressly agreed that in the event the interest charged hereunder results in an effective rate of interest higher than that lawfully permitted to be paid, then such charges shall be reduced by the sum sufficient to result in the maximum effective rate of interest lawfully permitted, and any amount which would exceed the highest lawful rate already received and held by the holder of this Note shall be applied to a reduction of principal and not to the payment of interest, so that in no event shall the rate of interest on this Note be permitted to exceed the maximum rate permitted by law. If the provisions of any law or regulations of the United States government or any agency or instrumentality thereof, however, would permit the Creditor to charge or receive a rate of interest permitted to be charged or received by the Creditor under applicable state law, then the

**Exhibit 1**

**Exhibit 1**

less restrictive provisions of such United States law or regulation shall apply in determining the rate of interest permitted to be charged or received.

DEBTORS:

_____  08/13/18
Intipuqueno, LLC                  Date
By:    Telvis Elizabeth Garcia
Title: Sole Owner

_____  08/13/18
Telvis Elizabeth Garcia           Date


STATE OF Maryland

CITY/COUNTY OF Montgomery : to-wit:

The foregoing instrument was acknowledged before me this 13 day of August, 2018 by Telvis Elizabeth Garcia.

_____
Notary Public

My Commission Expires: March 30, 2021

TIFFANY MURRAY
Notary Public-Maryland
Montgomery County
My Commission Expires
March 30, 2021


**CONFESSED JUDGMENT PROMISSORY NOTE**
Page 3 of 3

**Exhibit 1**

**Exhibit 1**